# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SEAN P. O'HARA,<br>          Appellant, | DOCKET NUMBER<br>SF-0752-13-4800-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>          Agency. | DATE: October 10, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas E. Tierney</u>, Esquire, Norwalk, California, for the appellant.

<u>Jennifer R. Hong</u>, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which found that the agency proved the charges of unauthorized use of a government computer and lack of candor, concluded that there was a nexus between the sustained misconduct and the efficiency of the service, and affirmed the removal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

penalty. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to clarify and supplement the administrative judge's disparate penalties analysis, but we agree with the administrative judge that the appellant's disparate penalties claim lacks merit. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      Effective August 23, 2013, the agency removed the appellant from his GS-13 Supervisory Detention and Deportation Officer position based on the following two charges: (1) unauthorized use of a government computer; and (2) lack of candor. Initial Appeal File (IAF), Tab 1 at 15-21. The appellant appealed his removal to the Board and requested a hearing. *Id.* at 1-6. He admitted to the unauthorized use of a government computer charge but disputed the lack of candor charge. IAF, Tab 19 at 4-5. He also argued that the penalty of removal was unreasonable given certain mitigating factors and that the agency treated him disparately compared to employees who engaged in similar misconduct. *Id.* at 5-7.

¶3        After holding the requested hearing, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 24, Initial Decision (ID) at 1, 17. The administrative judge sustained both charges, found a nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty was within the bounds of reasonableness. ID at 4-17. The administrative judge additionally found that the appellant's disparate penalties claim was without merit. ID at 11-16.

¶4        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1 at 4-11. On review, the appellant primarily challenges the administrative judge's findings regarding the lack of candor charge and the reasonableness of the removal penalty, including his claim of disparate penalties. *Id.* The agency has responded in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly sustained the two charges of misconduct and found the existence of a nexus between the misconduct and the efficiency of the service.</u>

¶5        The appellant admitted to the unauthorized use of a government computer charge to the agency's fact finder, the deciding official, and the administrative judge, and does not contest on review the administrative judge's finding that the agency proved this charge. IAF, Tab 9, Subtab 4e at 5-6, Subtab 4g at 447, Tab 19 at 4; PFR File, Tab 1 at 52; *see* ID at 4; *see also* PFR File, Tab 1 at 4-11. The appellant does contest, however, the administrative judge's finding that the agency proved its lack of candor charge. PFR File, Tab 1 at 4-5; *see* ID at 4-8. Our reviewing court has held that an agency may prove a lack of candor charge by showing that the appellant failed "to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete." *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). Although lack of candor "necessarily involves an element of deception," it does not require proof of intent to deceive. *Id.* at 1284-85.

¶6 The appellant's lack of candor charge was based on statements he made under oath during an interview with the agency's fact finder investigating allegations of misconduct against him. IAF, Tab 1 at 7-8. In the notice of proposed removal, the agency's first specification of the lack of candor charge states that the appellant was "less than truthful when [he] denied having intentionally/deliberately viewed pornographic images on [his] government computer." *Id.* at 7. The second specification of the lack of candor charge indicated that the appellant was "less than truthful when [he] stated that [he] did not think it was a violation for [him] to access the sexually explicit images which were found on [his] computers because those images were not blocked." *Id.* at 8. On review, the appellant reiterates his contention that he was "extremely nervous and under stress" at the interview, which resulted in his "initially" giving answers that "look less than accurate." PFR File, Tab 1 at 4. He also argues that he "lacked any intent" to deceive the fact finder. *Id.* The administrative judge considered these arguments below and the appellant's testimony at the hearing, but she did not find his explanations to be credible. ID at 6-7; *see* PFR File, Tab 1 at 51-52. The appellant has not provided "sufficiently sound" reasons on review to overturn the administrative judge's credibility determination because he merely restates that he felt nervous and stressed during the interview. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). Additionally, lack of candor does not require proof of an intent to deceive. *Ludlum*, 278 F.3d at 1284-85. Thus, we find that the administrative judge properly found that the agency proved both charges of unauthorized use of a government computer and lack of candor.

¶7 The nexus requirement, for purposes of determining whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his duties satisfactorily or some other legitimate government interest. *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). The Board has found that there is a sufficient nexus between an employee's misconduct and the efficiency of the service where the sustained misconduct: (1) concerned an employee's lack of candor during an administrative inquiry, *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002); or (2) involved misuse of government property, *Els v. Department of the Army*, 82 M.S.P.R. 27, ¶ 11 (1999); *see Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 2, 14 (2008). Therefore, we find that the administrative judge properly held that the agency established a nexus between the appellant's misconduct and the efficiency of the service.

The administrative judge appropriately held that the agency properly considered the relevant *Douglas* factors and that the penalty of removal was within the tolerable limits of reasonableness.

¶8 In his petition for review, the appellant argues that the deciding official misapplied the *Douglas* factors,[2] the penalty of removal is excessive under the circumstances, and the maximum reasonable penalty should be a one-grade demotion to a nonsupervisory Deportation Officer position. PFR File, Tab 1 at 5-6, 9-11, Tab 4 at 7. Where, as here, all of the agency's charges have been sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness. *See Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010). The

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of twelve factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

administrative judge found that the deciding official properly considered the relevant *Douglas* factors and that the penalty of removal did not exceed the bounds of reasonableness. ID at 9-11, 16-17. She noted that the deciding official considered several mitigating factors, including the appellant's 24 years of service, but appropriately found that they did not outweigh the seriousness of the offense and the nature of the appellant's position as a supervisor and a law enforcement officer. ID at 10-11; *see* IAF, Tab 1 at 16-17.

¶9    The record shows that the deciding official explained his *Douglas* factors analysis on the Douglas Factors Review Form, IAF Tab 9, Subtab 4b, and in the decision letter, IAF, Tab 1 at 15-21. He also testified in detail about his decision-making process at the hearing, PFR File, Tab 1 at 22-45. In the decision letter, the deciding official stated that he lost confidence in the appellant's ability to perform his duties, citing *Giglio* concerns,[3] and doubted his rehabilitative potential. IAF, Tab 1 at 17-18. He also considered the appellant's previous 7-day suspension for the unauthorized use of a government-issued travel card as an aggravating factor. *Id.* at 17. The deciding official considered alternative sanctions but found they would be ineffective in deterring future misconduct of other employees. *Id.* at 17-18. The deciding official also found that the removal penalty was consistent with the agency's Table of Offenses and Penalties.[4] IAF, Tab 9, Subtab 4b at 3; *see* IAF, Tab 1 at 15, Tab 9, Subtab 4d.

¶10   The appellant contends that the deciding official improperly weighed the *Douglas* factors because he considered the appellant's prior 7-day suspension as

---

[3] The deciding official was concerned that, if the appellant were called to testify as a witness in a criminal trial, his discipline for lack of candor would be subject to disclosure under *Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (nondisclosure of material evidence affecting a witness's credibility justifies a new criminal trial).

[4] The lack of candor charge falls under paragraph F(1) and allows a penalty ranging from a 14-day suspension to removal for a second offense. IAF, Tab 9, Subtab 4*l* at 12. The unauthorized use of a government computer charge falls under paragraph K(5) and allows a penalty ranging from a 15-day suspension to removal for a second offense. *Id.* at 25.

an aggravating factor despite the appellant's 24 years of service, and he "failed to consider other possible comparator employees on an Agency-wide basis." PFR File, Tab 1 at 5-6, 9-11. The employee's past disciplinary record is one of the relevant *Douglas* factors that an agency should consider in determining the appropriateness of a penalty. *Douglas*, 5 M.S.P.R. at 305. The agency gave notice in the proposal letter that it intended to rely on the appellant's prior 7-day suspension as an aggravating factor, IAF, Tab 1 at 10; *see Douglas*, 5 M.S.P.R. at 304, and he did not seek review of the prior suspension and has not argued that it was erroneously imposed, *see Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 340 (1981) (the Board's review of prior discipline is limited to determining whether the employee was informed of the prior action in writing, the action was a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline). Additionally, the decision letter for the prior suspension advised the appellant that "any future misconduct may result in more severe disciplinary action," including removal. IAF, Tab 9, Subtab 4h at 1. We agree with the administrative judge's assessment that this somewhat recent discipline for a serious offense was an aggravating factor and not a neutral or mitigating factor, as argued by the appellant. ID at 9-10; *see* PFR File, Tab 1 at 6, 11.

¶11 The agency's statement on the Douglas Factors Review Form that "a good faith effort has been made to search the Agency's database for cases and there does not appear to be any substantially similar cases," IAF, Tab 9, Subtab 4b at 3, and the deciding official's testimony on not finding similarly-situated comparators, PFR File, Tab 1 at 30-31, 42, contradicts the appellant's assertion that the deciding official failed to search for and consider similarly-situated comparators, *id.* at 5-6, 9-11. Although the deciding official may not have personally performed a search for comparators, he properly relied on the employee and labor relations specialist's search that did not result in finding any similarly-situated comparators. *Id.* at 31, 42; *see* IAF, Tab 9, Subtab 4b at 3. As

explained later in this final order, we agree that there were no substantially similar cases.

¶12     Under the circumstances of this case, we find that the administrative judge properly considered whether the deciding official evaluated the relevant *Douglas* factors and she correctly determined that the penalty of removal did not exceed the tolerable limits of reasonableness.

The administrative judge properly found that the appellant's proffered comparators were not similarly situated and that his disparate penalties claim lacks merit.

¶13     The appellant further argues on review that the administrative judge erred in her interpretation and application of the Board's law regarding disparate penalties and improperly concluded that the appellant's proffered comparators were not similarly situated to the appellant.  PFR File, Tab 1 at 5-9, 11, Tab 4 at 4-7; *see* ID at 11-16.  To establish disparate penalties, the appellant must show that there is "enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently, but the Board will not have any hard and fast rules regarding the 'outcome determinative' nature of these factors." *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 (2012) (quoting *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010)).  An appellant's initial showing of disparate penalties triggers an agency's burden to prove a legitimate reason for the difference in treatment between the appellant and other employees.  *Id.*, ¶ 24.

¶14     The appellant contends that the administrative judge violated *Lewis* and subsequent Board law by improperly limiting the comparator employees to supervisory employees rather than focusing on the underlying conduct.  PFR File, Tab 1 at 6-7.  We disagree and believe that the appellant's supervisor status was a distinguishable factor the administrative judge appropriately considered as part of her disparate penalties analysis.    Although we ultimately agree with the

administrative judge's conclusion that the appellant's proffered comparators were not similarly situated to the appellant, ID at 12-16, we are modifying and supplementing the administrative judge's analysis to focus on the underlying circumstances surrounding the misconduct of the nonsupervisory comparators, *see* ID at 12-13.

¶15    The appellant submitted evidence of 36 alleged comparators.  IAF, Tabs 17-21.  However, eleven of the alleged comparators are not valid because their penalties were reduced as part of a settlement agreement, most commonly a last chance settlement agreement (LCSA).  IAF, Tab 17 at 15-28 (LCSA), Tab 18 at 4-13 (LCSA), 14-22 (abeyance agreement), 48-58 (LCSA), Tab 19 at  9-15 (LCSA, same case as Tab 21 at 46-56), 16-36 (LCSA), 37-51 (LCSA), 63-76 (LCSA), 86-96 (settlement agreement), Tab 21 at 23-32 (LCSA), 44-45 (LCSA), 46-56 (LCSA, same case as Tab 19 at 9-15); *see Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 20 n.4 (2013) (holding that, where another employee receives a lesser penalty, despite apparent similarities in circumstances, as a result of a settlement agreement, the agency will not be required to explain the difference in treatment).  Additionally, the evidence for six cases of alleged comparators is missing information on what charges were sustained and what penalty was imposed, so the comparators are likewise invalid.[5]  IAF, Tab 18

---

[5] The administrative judge eliminated a potential comparator because the appellant failed to submit the decision letter in that case.  ID at 16; *see* IAF, Tab 18 at 70-78.  Although the appellant contends on review that the agency "failed to turn [the decision letter] over to the Appellant during the discovery process," PFR File, Tab 1 at 8, he does not present evidence that he filed a motion to compel discovery, 5 C.F.R. § 1201.73(c)(1).  He also alleges that the lack of a decision letter should be irrelevant for comparator analysis purposes because the proposed penalty was less than a removal.  PFR File, Tab 1 at 8-9, Tab 4 at 6-7.  Even so, in comparing the circumstances surrounding the employee's misconduct to the appellant's circumstances, we do not believe they were similarly situated.  The appellant's misconduct of using a government computer to view sexually explicit images was of a different nature from the employee's misconduct of using a government cell phone to make personal calls.  *See* IAF, Tab 18 at 72-74.  Additionally, the deciding official in the employee's case did not state that he was considering any prior discipline in making his decision, *see id.*

at 38-47, 59-78, Tab 21 at 11-22. Finally, twelve comparators are invalid because the sustained misconduct in those cases was only similar as to one of the appellant's charges, instead of both. IAF, Tab 17 at 4-14, Tab 18 at 23-37, Tab 20 at 4-41, Tab 21 at 4-10, 41-43; *see Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶¶ 22-23 (2012) (proffered comparators were not similarly situated for purposes of establishing a disparate penalties claim where the administrative judge sustained three charges against the appellant and the appellant alleged only that the comparators' misconduct was similar with respect to one charge).

¶16     A reasoned comparison of the totality of the circumstances surrounding the misconduct engaged in by the remaining seven alleged comparators, as contrasted to the totality of the circumstances surrounding the appellant's misconduct, does not show that the misconduct engaged in by the comparator employees was as serious as, or more serious than, the misconduct engaged in by the appellant. *See Portner*, 119 M.S.P.R. 365, ¶ 21. In the first case, a Deportation Officer was suspended for 45 days for the two charges of unauthorized queries of individuals on an official government computer database and unauthorized disclosure of treasury enforcement communications. IAF, Tab 17 at 29-41. Although the misconduct in this case was similar to the appellant's unauthorized use of a government computer charge, the agency did not sustain a lack of candor charge against the alleged comparator. *Id.* at 38-39. In contrast, the agency sustained two specifications of lack of candor against the appellant. IAF, Tab 1 at 15-16. The deciding official in the appellant's removal action testified that he considered lack of candor to be the more serious charge and he would not have removed the appellant for unauthorized use of a government computer alone. PFR File, Tab 1 at 26-27. The appellant also had a prior suspension, while this employee had no

at 70-78, whereas the deciding official in the appellant's case explicitly relied on the appellant's prior 7-day suspension, IAF, Tab 1 at 10, 17.

prior disciplinary record. IAF, Tab 1 at 10, 17, Tab 17 at 39. Accordingly, we find that the employee was not similarly situated.

¶17    In the second case, an Immigration Enforcement Agent (IEA) was suspended for 3 days for the two charges of conduct unbecoming and lack of candor. IAF, Tab 17 at 42-53. The specification for the conduct unbecoming charge was that the employee improperly called for his cousin, who was housed in a criminal justice center, to meet with him. *Id.* at 42. In contrast, here, the agency sustained 17 sustained specifications of unauthorized use of a government computer against the appellant. IAF, Tab 1 at 8-10, 16. Although the IEA's conduct unbecoming charge arose from a single incident, the appellant's misconduct occurred over the course of 4 months, during which he repeatedly accessed and viewed over 500 sexually explicit or sexually oriented images, websites, and links. *Id.* at 8-10, 15-16. Additionally, the employee in this case had only one sustained specification of lack of candor, IAF, Tab 17 at 49, while the appellant had two, IAF, Tab 1 at 15-16. Finally, the employee did not have a disciplinary record. IAF, Tab 17 at 50. Thus, the employee in this case was not similarly situated to the appellant.

¶18    In the third case, a Deportation Officer was suspended for 30 days for the two charges of misuse of a government-owned vehicle and lack of candor. IAF, Tab 19 at 52-62. The misuse of a government-owned vehicle charge was based on one specification of using the government-owned vehicle for unauthorized purposes, specifically for transporting his girlfriend and her niece. *Id.* at 52. In contrast, the appellant's unauthorized use of a government computer charge was based on 17 specifications. IAF, Tab 1 at 8-10, 16. The alleged comparator's lack of candor charge was based on two specifications. IAF, Tab 19 at 52-53. Although this employee's lack of candor charge may be similar to the appellant's lack of candor charge, the appellant's repeated and excessive misuse of his government computer was more serious than this employee's single instance of unauthorized use of a government-owned vehicle. The employee also had no

prior discipline. *Id.* at 59. Therefore, this employee was not similarly situated to the appellant.

¶19    In the fourth case, an Assistant Field Officer Director was demoted for the four charges of operating a government-owned vehicle after consuming alcohol, damage to government property, poor judgment, and failure to report, each containing one specification. IAF, Tab 19 at 77-85. The deciding official in this case did not sustain the lack of candor charge. *Id.* at 83. Additionally, the misconduct in this case arose from a single incident, whereas the appellant's unauthorized use of a government computer occurred frequently and over several months. IAF, Tab 1 at 8-10. Also, the deciding official here did not rely on any prior discipline against the employee. IAF, Tab 19 at 83. For these reasons, the alleged comparator was not similarly situated to the appellant.

¶20    In the fifth case, an IEA received a letter of reprimand for the two charges of unauthorized use of a government computer and failure to report misconduct. IAF, Tab 20 at 42-45. The first charge was based on two instances where the employee accessed his personal email and opened an attachment that contained a sexually explicit image. *Id.* at 42. The second charge was based on his failure to inform his supervisor that he viewed sexually explicit images on a government computer. *Id.* He also admitted that he knew it was against agency policy to access sexually explicit images on a government computer and that he had the responsibility to notify his supervisor if he viewed such images. *Id.* In contrast, the agency sustained 17 specifications of unauthorized use of a government computer against the appellant, the appellant denied knowing that his misconduct was against the agency's policy, and the appellant had a prior 7-day suspension. IAF, Tab 1 at 8-10, 16-17. Thus, this alleged comparator was not similarly situated to the appellant.

¶21    In the sixth case, an IEA received a letter of reprimand for the two charges of unauthorized use of a government computer and failure to report misconduct. IAF, Tab 20 at 46-49. The first charge was based on one instance where the

employee opened an attachment to an email that contained sexually explicit images. *Id.* at 46. The employee also admitted to performing internet searches for sexually explicit images on a government computer. *Id.* The second charge was based on the employee's failure to inform his supervisor of viewing such images on his government computer when he knew that his misconduct was against agency policy and that he had the responsibility to notify his supervisor. *Id.* The appellant, in contrast, engaged in repeated and excessive unauthorized use of his government computer and denied knowing that his misconduct was against agency policy. IAF, Tab 1 at 8-10, 16-17. The appellant also had a previous suspension, *id.* at 10, 17, whereas this employee had no prior disciplinary actions, IAF, Tab 20 at 46. Therefore, the IEA was not similarly situated to the appellant.

¶22    In the seventh case, an IEA was suspended for 2 days for the two charges of inappropriate use of his position during nongovernment email communications and misuse of a government computer. IAF, Tab 21 at 33-40. The first charge was based on the employee's use of his government position on an online chat website. *Id.* at 33. The second charge was based on two specifications of the employee using the government computer during working hours to conduct communications on the chat website. *Id.* The agency did not charge the employee with lack of candor. *Id.* at 33-34. In contrast, the agency sustained 17 specifications of unauthorized use of a government computer and two specifications of lack of candor against the appellant. IAF, Tab 1 at 15-16. Also, the employee here, unlike the appellant, had no prior disciplinary action. IAF, Tab 1 at 10, 17, Tab 21 at 38. Thus, the IEA here was not similarly situated to the appellant.

¶23    For all these reasons, we conclude that the administrative judge properly found that the appellant's 36 proffered comparators were not similarly situated to the appellant and the appellant failed to prove his disparate penalties claim.

<u>The administrative judge properly considered the appellant's argument regarding *Portner v. Department of Justice*.</u>

¶24    Finally, the appellant argues that the administrative judge failed to consider the part of his closing argument at the hearing that discussed *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶¶ 1, 22, in which the Board mitigated the employee's removal to a 45-day suspension. *See* PFR File, Tab 1 at 10-11, 75. In *Portner*, the Board found that the deciding official failed to properly weigh the relevant *Douglas* factors. 119 M.S.P.R. 365, ¶¶ 11, 15. Consequently, upon its own analysis of the *Douglas* factors, the Board determined that a 45-day suspension was the maximum reasonable penalty under the circumstances. *Id.*, ¶ 22. Here, the administrative judge accurately concluded that the deciding official properly weighed the *Douglas* factors. ID at 9. Because the agency considered all of the relevant *Douglas* factors, unlike in *Portner*, the Board must defer to the agency's penalty determination if it is within the bounds of reasonableness. *See Woebcke*, 114 M.S.P.R. 100, ¶ 7. Accordingly, as the administrative judge properly found, the penalty of removal was within the tolerable limits of reasonableness under the circumstances, ID at 9-17, and *Portner* does not compel a different result.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.